IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

F.M., S.J., A.M., M.L.,
M.M., M.S., M.A., L.R.,
And M.O.,

      Plaintiffs,

v.                                                      Case No. 1:13-cv-00264 ACT/RHS

DR. MARK WALDEN, JOHN/JANE DOE (medical staff),
in their individual and official capacities
JOHN/JANE DOE (corrections officers),
in their individual and official capacities,
THE GEO GROUP, Inc., and CORIZON Inc.,
WARDEN TIMOTHY B. HATCH, in his individual
and official capacity,
and WARDEN ERASMO BRAVO, in his individual
and official capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Strike Defendant Walden's Suggestion of Bankruptcy and Notice of Operation of Automatic Stay (Doc. #25) and Supporting Memorandum of Law [Doc. 27] filed on May 28, 2013 ("Motion to Strike"). Defendant Walden's Response to Plaintiffs' Motion to Strike Defendant Walden's Suggestion of Bankruptcy and Notice of Operation of Automatic Stay (Doc. #25) and Supporting Memorandum of Law [Doc. 31] was filed on June 11, 2013. Defendants The GEO Group, Inc., Warden Timothy B. Hatch, and Warden Erasmo Bravo's Response to Plaintiffs' Motion to Strike Defendant Walden's Suggestion of Bankruptcy and Notice of Operation of Automatic Stay [Doc. 34.] was filed on June 17, 2013. Defendant Corizon Inc.'s Response to Plaintiffs' Motion to Strike Defendant Walden's Suggestion of Bankruptcy and Notice of Operation of Automatic Stay [Doc. 35] was also filed on June 17, 2013. Plaintiffs' Reply to Defendant Walden's

1

Response to Plaintiffs' Motion to Strike Defendant Walden's Suggestion of Bankruptcy and Notice of Operation of Automatic Stay and Supporting Memorandum of Law [Doc. 36] was filed on June 19, 2013. Finally, Plaintiffs' Reply to Defendant Corizon's Response to Plaintiffs' Motion to Strike Defendant Walden's Suggestion of Bankruptcy and Notice of Operation of Automatic Stay and Supporting Memorandum of Law [Doc. 37] was filed on June 1, 2013, as was Plaintiffs' Reply to Defendant GEO Group, Inc., Warden Timothy B. Hatch, and Warden Erasmo Bravo's Response (Doc. 34) to Plaintiffs' Motion to Strike Defendant Walden's Suggestion of Bankruptcy and Notice of Operation of Automatic Stay and Supporting Memorandum of Law. [Doc. 38.]

The Court, having considered the parties' filings, the relevant law, and otherwise being fully advised, finds Plaintiffs' Motion to Strike is not well taken and will be DENIED. The Court will stay this case in its entirety for the reasons set forth below.

## INTRODUCTION

1. **Background Facts**

This case arises from allegations that Defendant Dr. Mark Walden ("Walden") sexually assaulted inmates at the Guadalupe County Correctional Facility ("GCCF") in Santa Rosa, New Mexico and at the Northeast New Mexico Detention Facility ("NENMDF"). Specifically, Plaintiffs accuse Walden of inappropriate rectal and genital exams. (Doc. 1-1 at 15 – 18.)

Defendant The GEO Group, Inc. manages security operations at GCCF and NENMDF pursuant to contracts with local governments. [Doc. 14 at 2.] At relevant times, Defendant Erasmo Bravo was warden of GCCF [Doc. 1-1 at 5; Doc. 14 at 4] and Defendant Timothy Hatch was warden of NENMDF (collectively, "GEO"). [Doc. 1-1 at 4; Doc. 14 at 4.] Defendant Corizon, Inc. ("Corizon") contracted with the New Mexico Corrections Department ("NMDC")

to provide certain medical services to inmates in the custody of NMCD. [Doc. 1-1 at 3; Doc. 17 at 2.]

On February 28, 2013, Plaintiffs filed their Complaint in the First Judicial District Court, County of Santa Fe, New Mexico. [Doc. 1-1.] The matter was removed to this Court on March 19, 2013. [Doc. 1.] On March 22, 2013, Walden filed a voluntary bankruptcy petition. [Doc. 25 at 1.] On May 14, 2013, Walden filed his Suggestion of Bankruptcy and Notice of Operation of Automatic Stay in this case. [Doc. 25.] Thereafter, Plaintiffs filed the instant Motion to Strike Walden's Suggestion of Bankruptcy. This case has been consolidated with *R.J., et al. v. The GEO Group*, *Inc., et al.*, Case No. 1:13cv00265 – ACT/RHS, for purposes of discovery. [Doc. 28.][1]

**2. Violations of the Federal Rules of Civil Procedure and Local Rules.**

Plaintiffs' Motion violates both the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the United States District Court for the District of New Mexico ("Local Rules"). First, Plaintiffs' Motion to Strike is procedurally improper. Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Ysais v. New Mexico Judicial Standard Comm'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009) *aff'd sub nom. Ysais v. New Mexico*, 373 F. App'x 863 (10th Cir. 2010). By its express language, Rule 12(f) applies only to material contained in a "pleading." *Id*. The Federal Rules of Civil Procedure define "pleadings" as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, "if the court orders one, a reply to an answer." Fed.R.Civ.P. 7(a)(1–7). Generally, therefore, motions, briefs, and memoranda may not be attacked by a motion to strike. *Id*. (citations omitted). The exception to this principle is that a Court may choose to strike

---

[1] Walden also filed a Suggestion of Bankruptcy in the consolidated matter. [Case No. 1:13cv00265, Doc. 35.]

a filing that is not allowed by local rule, such as a surreply filed without leave of court. *Id*. (quotations and citation omitted). Walden's Suggestion of Bankruptcy is not a "pleading" as defined by the Federal Rules or a filing not permitted by the Local Rules. Accordingly, Plaintiffs' Motion to Strike is procedurally improper.

Further, Plaintiffs failed to obtain the position of the opposing party prior to filing their motion in violation of the Local Rules. Rule 7.1(a) of the Local Rules requires a movant to determine whether a motion is opposed, "and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a). It is clear that Plaintiffs failed to determine whether their Motion to Strike was opposed and there is no recitation of a good-faith request for concurrence from Defendants. Rather, Plaintiffs argue that their Motion to Strike was a "response and objection" to Walden's Suggestion of Bankruptcy and, therefore, their failure to determine whether the motion was opposed was not a violation of D.N.M.LR-Civ. 7.1. [Doc. 36 at 8.] The Court disagrees.

Plaintiffs' characterization of the instant motion as a "response and objection" is belied by the title of their filing as a "Motion to Strike" rather than a "Response" or "Objection." Further, Plaintiffs seek relief in the Motion in the form of relief from the automatic stay. [Doc. 27 at 3 – 4.] Because Plaintiffs' filed their Motion to Strike in clear violation of the Local Rules it may be summarily denied. Instead, since the Motion to Strike has been fully briefed, the Court will deny the Motion to Strike on the merits. However, the Court cautions counsel that in the future, any motions that fail to recite a good faith effort to determine whether the motion is opposed will be summarily denied.

3. **Summary of Argument**

In their Motion, Plaintiffs ask the Court to strike Walden's Suggestion of Bankruptcy based on two arguments. First, Plaintiffs argue that any damages that may be awarded in this case are not dischargeable under 11 U.S.C. Section 523(a)(6) of the Bankruptcy Code. [Doc. 27 at 2 – 3.] Second, Plaintiffs argue that Walden's "request" for an automatic stay does not apply to the other named Defendants. [Doc. 27 at 3.] Plaintiffs request relief from the automatic stay to allow them to pursue this case if not against Walden, than against the other named Defendants. [Doc. 27 at 3-4.]

Walden responds by arguing that Plaintiffs' Motion to Strike violates the bankruptcy automatic stay and that only the Bankruptcy Court has jurisdiction over the bankruptcy stay. [Doc. 31 at 2 – 3.] Walden additionally points out that this Court does not "issue" an automatic stay, but that the stay is in fact "automatic" [Doc. 31 at 3], and that the relief sought by Plaintiffs is in violation of the automatic stay. [Doc. 31 at 2 – 3.] Finally, Walden argues that Plaintiffs have no basis for striking Walden's Suggestion of Bankruptcy. [Doc. 31 at 4.]

GEO argues that because the claims against them and the claims against Walden are "inextricably interwoven" that the stay must be extended to include GEO. [Doc. 34 at 2.] GEO further argues that because they may possess indemnity rights, the case falls under the "unusual circumstances" exception extending the automatic stay in Bankruptcy Court although they are not the debtor. [Doc. 34 at 5.]

Corizon argues that continuation of this matter in light of Walden's bankruptcy violates the automatic stay. [Doc. 35 at 3 – 4.] Corizon raises the question of whether this Court has jurisdiction to act in this case. [Doc. 35 at 4.] Additionally, Corizon argues that the automatic stay should be extended to them because there is such identity between the parties that the debtor

can be said to be the real party defendant and any judgment against Corizon is in effect a judgment against Walden. [Doc. 35 at 5 – 7.] Finally, Corizon points out that it would not be judicially economical to proceed without Walden because discovery conducted without Walden would have to be repeated once the stay is lifted. [Doc. 35 at 7 – 9.]

Plaintiffs reply to all Defendants in a similar fashion. Seemingly accepting that the automatic stay applies to Walden, Plaintiffs argue that the automatic stay does not apply to the other Defendants because the claims against the non-debtor Defendants are separate and independent claims. [Doc. 36 at 3 – 5; Doc. 37 at 1 - 5.]  Plaintiffs further argue that they will be prejudiced if the case is stayed as to the GEO and Corizon Defendants. [Doc. 36 at 5 – 7; Doc. 37 at 5 - 7.] Plaintiffs finally argue that this Court has jurisdiction to allow the case to go forward, but if it does not, it also does not have jurisdiction to issue sanctions against them. [Doc. 36 at 7 – 9; Doc. 37 at 7 – 9.][2]

Neither Plaintiffs nor Defendants have formally moved for a stay of proceedings based on Walden's Suggestion of Bankruptcy, however, GEO and Corizon have asked that the automatic stay be extended to include them. [Doc. 27 at 3; Doc. 34 at 6; Doc. 35 at 9.]  It would be a waste of the parties and the Court's time to require GEO and Corizon Defendants to prepare formal motions to stay as the issue is already fully briefed and before the Court pursuant to Plaintiffs' Motion to Strike. Therefore, the issue before this Court is whether, and to what extent, this case should be stayed as it relates to all parties in light of Walden's Suggestion of Bankruptcy. For the reasons that follow, the Court will stay this case in its entirety.

---

[2] The Defendants do not seek sanctions from this Court for a violation of the automatic stay.  The Court presumes that Plaintiffs are referring to Walden's counsel's letter that advises they would seek sanctions for a willful violation of the automatic stay. [Doc. 31-1 at 1.] However, since no party has sought sanctions in the pleadings related to the Motion to Strike, the Court makes no ruling with respect to sanctions.

## DISCUSSION

**1. This Court has Authority to Stay These Proceedings.**

As an initial matter, this Court is not extending the automatic stay set forth in 11 U.S.C. § 362(a)(1). Some case law suggests that this court has concurrent jurisdiction to determine whether the automatic stay applies in this action. *S.E.C. v. Wolfson*, 309 B.R. 612, 617 (D. Utah 2004). However, this Court does not rule on whether to lift or extend the automatic stay. That decision should be left to the purview of the Bankruptcy Court. Rather, this Court bases its decision on its inherent power to stay this case.

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936)). When applying for a stay, a party must demonstrate "a clear case of hardship or inequity" if "even a fair possibility" exists that the stay would damage another party. *Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (citing *Span–Eng Assocs. v. Weidner*, 771 F.2d 464, 468 (10th Cir.1985) (quoting *Landis*, 299 U.S. at 255)). The granting of a stay ordinarily lies within the discretion of the district court. *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir.1963). In assessing the propriety of a stay, a district court should consider: whether the defendants are likely to prevail in the related proceeding; whether, absent a stay, the defendants will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake. *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003).

**2. The Automatic Stay applies only to the debtor, Walden.**

The application of the automatic stay to pending legal proceedings is set forth in Section 362(a)(1), which provides that the filing of a bankruptcy petition:

(a) [O]perates as a stay, applicable to all entities, of–

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

*In re Richard B. Vance & Co.*, 289 B.R. 692, 696 (Bankr. C.D. Ill. 2003) (citing 11 U.S.C. § 362(a)(1)). The automatic stay applies to Walden in this case because he is the debtor. [Doc. 35.]

Plaintiffs argue that despite the automatic stay, any award in this case in the form of damages is not dischargeable under 11 U.S.C § 523(a)(6) of the Bankruptcy Code and, therefore, "there is no reason to issue an automatic stay." [Doc. 27 at 3.] This argument is unavailing. First, the stay is not "issued" by the Court but is automatic by statute. Second, the Bankruptcy Court has exclusive jurisdiction to determine whether a debt is or is not dischargeable under 11 U.S.C. § 523(a)(6). *In re Eastburg*, 440 B.R. 851, 861 (Bankr. D.N.M. 2010) *aff'd on other grounds*, 447 B.R. 624 (B.A.P. 10th Cir. 2011). Third, whether the potential damages awarded in this case are dischargeable has no bearing on whether this case should be stayed. Accordingly, as Plaintiffs appear to concede in their Reply, this case has been automatically stayed as to Walden, the debtor.

**3. A Stay is Warranted with Respect to GEO and Corizon.**

While this Court is not ruling to extend the automatic stay to the non-debtor Defendants, the legal principles from the bankruptcy court provide guidance and assistance to this Court in

the determination of whether to stay these proceedings as to GEO and Corizon. It is generally accepted that discovery pertaining to claims against the bankrupt's co-defendants is not stayed, even if the discovery requires a response from the debtor, and even if the information discovered could later be used against the debtor. *In re Richard*, 289 B.R. at 697.  While § 362 extends the stay provisions of the Bankruptcy Code to the debtor, the rule followed by this circuit and the general rule in other circuits is that the stay provision does not extend to solvent co-defendants of the debtor. *Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141-42 (10th Cir. 1994) (citations omitted).

A narrow exception allows a stay to be imposed under section 362(a)(1) against a nonbankrupt party in "unusual situations" as "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id.* (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986)). The "unusual circumstances" include: (1) existence of an indemnity provision between the non-debtor and the debtor; (2) the possibility that liability established against the non-debtor would be imputed to the debtor; (3) the fact that the issues between debtor and non-debtor and the opposing party were "intimately intertwined" ; (4) the possibility of inconsistent results if both cases were allowed to proceed on parallel tracks; (5) such identity of the parties as would make the debtor the real party in interest; and (6) considerations of judicial economy. *In re Friedman's, Inc*., 336 B.R. 896, 897 (Bankr. S.D. Ga. 2005).  These concepts provide a framework to assist the Court in determining whether to stay this case.

In this case, GEO and Corizon point out that should Plaintiffs prevail, they may have indemnification rights. [Doc. 34 at 5; Doc. 35 at 7.] Further, the issues between Walden and GEO and Corizon are "intimately intertwined." All of Plaintiffs' claims, including the claims against GEO and Corizon, arise from Walden's alleged sexual assault of inmates while treating them at GCCF and NENMDF. For example, Plaintiffs' claims for medical malpractice against GEO and Corizon arise from the alleged actions taken by Walden and are sounded in *respondeat superior*. Claims of negligent hiring, training, and supervision are ultimately based on Walden's actions as an employee. Plaintiffs' claims of a deprivation of civil rights arise from Walden's actions as do their claims for breach of contract. While, as Plaintiffs argue, the claims against the non-debtor Defendants are technically separate and independent claims, they could not be brought without the allegations against Walden. In other words, the only way the non-debtor Defendants could possibly be liable is if Walden is first found liable. Once Walden's alleged actions are taken completely out of the picture, Plaintiffs cannot establish liability on the part of the other non-debtor Defendants.

Finally, it is in the interest of judicial economy to stay this case until the conclusion of the bankruptcy matter. Ultimately, discovery in this case will require Walden's participation and any depositions taken without his participation may have to be re-conducted once he returns to the case. Accordingly, GEO and Corizon argue there is a clear case of hardship or inequity if discovery proceeds without Walden. On the other hand, Plaintiffs argue that a stay would cause them substantial harm and prejudice. Plaintiffs argue that the insurance companies, not Walden, will be paying any awarded damages in this case and, therefore, any such damages will not be a part of the bankruptcy estate. [Doc. 36 at 5 – 6. There is no evidentiary support for Plaintiffs' argument. Even if Plaintiffs' argument were supported by evidence, whether damages from this

case will or will not be a part of the bankruptcy estate is a matter for the Bankruptcy Court to decide. Walden is already subject to an automatic stay. This logically puts any proceeds that may flow from his insurance policies at bay until the bankruptcy proceedings are resolved and Walden can participate in this case.

Plaintiffs also cite *Wedgeworth v. Fibreboard Corp*., 706 F.2d 541 (5th Cir. 1983), in support of the proposition that when balancing the competing interests in determining the propriety of a stay, the hardships weighed in favor of the plaintiffs. [Doc. 37 at 6 – 7.] However in *Wedgeworth*, the court found a hardship because "many [plaintiffs] allege that they are dying from asbestosis." *Id*., 706 F.2d at 545. The *Wedgeworth* court found "no 'clear case of hardship or inequity on defendants in being required to go forward' sufficient to offset these considerations." *Id*. There are no such allegations of hardship in this case. Plaintiffs do not provide any specific hardships they would suffer as a result of a stay of this case but claim they are "obvious." [Doc. 36 at 6.][3] Since Plaintiffs do not present any significant hardships such as is found in *Wedgeworth*, the hardships and inequities in this case favor GEO and Corizon. Therefore, the Court will stay this matter in its entirety until the Court receives notice of a final disposition of the bankruptcy proceeding or until the automatic stay has been lifted by the Bankruptcy Court.

---

[3] While Plaintiffs do not provide specific hardships in their Motion or Reply, in response to Walden's Motion to Stay Proceeding [Doc. 19] in the consolidated matter, Plaintiffs contend that staying the case would cause "a substantial risk that witnesses will become unavailable, memories will fade, and documents will be lost or destroyed." [Doc. 30 at 8 (quotation and citation omitted).] Plaintiffs' generalized concern with respect to the memories and availabilities of witnesses is not persuasive. Plaintiffs have not asserted that the age or health or movement of any particular witness, including Walden or any Plaintiff, makes it more likely their memories, health or availability will affect Plaintiffs' ability to recover from Defendants. The concerns raised by Plaintiffs apply to any plaintiff in any civil case. *Hilda M. v. Brown*, 2010 WL 5313755 at *5 (D. Colo. Dec. 20, 2010).

## CONCLUSION

Since the automatic stay under 11 U.S.C. § 362(a)(1) applies to defendant Walden and because GEO and Corizon have demonstrated a clear case of hardship or inequity if all discovery in the case is not stayed, the Court will stay this case in its entirety.

**IT IS THEREFORE ORDERED**: that Plaintiffs' Motion to Strike Walden's Suggestion of Bankruptcy and Notice of Operation of Automatic Stay [Doc. 27] is DENIED.

**IT IS FURTHER ORDERED**: that this case is stayed in its entirety until the Court receives notice of a final disposition of the bankruptcy proceeding or until the automatic stay has been lifted by the Bankruptcy Court.[4]

*(signature)*
Alan C. Torgerson
United States Magistrate Judge

---

[4] Since this case has been consolidated with *RJ et al. v. The GEO Group, Inc. et al.*, 13-cv-265 ACT/RHS for discovery purposes, that case is also stayed pursuant to the ruling of this Order. Accordingly, Defendant Walden's Motion to Stay Proceedings [Doc. 19] in *RJ v. GEO*, based on his Fifth Amendment right to be free from self – incrimination, is denied as moot without prejudice to be renewed at a later date, if appropriate. A separate Order denying the Motion to Stay Proceedings as moot will be entered in 13-cv-265 ACT/RHS.